**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WILKENS-ANDERSON COMPANY,<br><br>Defendant. | Adv. Proc. No. 25-50224 (KBO)<br><br>**Objection Deadline:**<br>**November 5, 2026**<br><br>**Re: Adv. D.I. 10** |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 7055**

George L. Miller, as chapter 7 trustee ("Plaintiff") for the bankruptcy estates of Akorn Holding Company LLC, Akorn Intermediate Company LLC and Akorn Operating Company LLC (collectively, the "Debtors"), by and through his undersigned counsel, hereby submits this motion (the "Motion") requesting entry of a default judgment against the above-captioned defendant ("Defendant") in the above-captioned adversary proceeding (the "Adversary Proceeding") pursuant to Rule 7055 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") in connection with the complaint [Adv. D.I. 1] (the "Complaint"). In support of the Motion, Plaintiff

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.

submits the Declaration of Evan T. Miller (attached hereto as **Exhibit A**) and the Proposed Judgment of Default (attached hereto as **Exhibit B**), and respectfully represents as follows:

**JURISDICTION, VENUE, AND STATUTORY PREDICATES**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), Plaintiff consents to the entry of final orders or judgments by the Court if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these chapter 7 cases and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code") Rule 55 of the Federal Rules of Civil Procedure (the "Federal Rules") and Bankruptcy Rule 7055.

**BACKGROUND**

4. On February 23, 2023 (the "Petition Date"), the Debtors filed voluntary petitions in the Bankruptcy Court for relief under Chapter 7 of the Bankruptcy Code (the "Chapter 7 Cases"). The chapter 7 cases are being jointly administered.

5. On or about the Petition Date, the Office of the United States Trustee appointed George L. Miller as the Trustee to the Debtors' bankruptcy estates.

6. As the chapter 7 trustee for the Debtors' estates, Plaintiff has the authority to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtors and litigate

affirmative claims of and object to claims asserted against the Debtors pursuant to section 704 of the bankruptcy code.

7. Prior to the Petition Date, the Debtors' businesses included developing, manufacturing, and marketing specialty pharmaceuticals, including prescription, consumer health, and animal health products. The Debtors operated across the United States and were an industry leader in branded and generic products in alternate dosage forms such as ophthalmic, injectables, oral liquids, topicals, inhalants and nasal sprays. The Debtors' operations in the United States ceased when the chapter 7 cases were filed.

8. The Defendant received transfers from the Debtors which may be avoided and recovered pursuant to sections 547, 548 and 550 of the Bankruptcy Code (the "Transfers").

9. In December 2024, Plaintiff, through counsel, sent a demand letter to Defendant, seeking a return of the Transfers (the "Demand Letter"). The Demand Letter detailed each of the Transfers by identifying the transferor, transferee, transfer date, check number (where applicable), transfer type (i.e. wire, check, etc.), and transfer amount.

10. On February 12, 2025, Plaintiff commenced the Adversary Proceeding by filing the Complaint in the United States Bankruptcy Court for the District of Delaware (the "Court"). Through Counts I through IV of the Complaint, Plaintiff seeks to recover amounts owed to Plaintiff on account of preferences, or, in the alternative, constructive fraudulent transfers, to recover the value of the transfers so avoided, plus interest and costs, and to disallow any proofs of claim filed by Defendant.

11. Plaintiff sought the recovery of $28,450.02 from the Defendant. *See* Complaint at ¶ 16. On April 28, 2025, Plaintiff served the Complaint and Summons issued on April 28, 2025 (the "Summons"), on Defendant by First Class Mail at the address listed on the Certificate of

Service filed with the summons (the "Certificate of Service").

12. Pursuant to Bankruptcy Rule 7012(a) and the Summons, as modified by the *Order Establishing Streamlined Procedures Governing Adversary Proceedings with Total Amount in Controversy Less Than $75,000.00 Brought by Plaintiff Pursuant to Sections 502, 547, 548, and 550 of the Bankruptcy Code* [D.I. 1407] (the "Procedures Order"), Defendant was required to file an answer or other responsive pleading to the Complaint within ninety days following issuance of the Summons, on or before July 28, 2025.

13. As of the date hereof, Defendant has not served or otherwise delivered an answer or other pleading responsive to the Complaint to Plaintiff or his undersigned counsel. In addition, counsel for Plaintiff has examined the Court's docket in the Adversary Proceeding and no response or appearance by Defendant is reflected thereon. As of the date of this Motion, there have been no communications to Plaintiff's undersigned counsel from the Defendant or any behalf of the Defendant.

14. Accordingly, on November 14, 2025, Plaintiff filed *Plaintiff's Request for Entry of Default* [Adv. D.I. 9] (the "Request") in the Adversary Proceeding. Pursuant to Federal Rule 55(b)(1), made applicable to this Adversary Proceeding by Bankruptcy Rule 7055, the *Declaration of Paige N. Topper in Support of Plaintiff's Request for Entry of Default* (the "Topper Declaration") was attached to the Request as Exhibit A. The Complaint, Summons, and Certificate of Service were attached as Exhibit 1 to the Topper Declaration. Pursuant to Local Rule 7055-1, Plaintiff served the Request on Defendant by certified United States mail.

15. On November 14, 2025, the Clerk of Court entered the *Entry of Default* [Adv. D.I. 10] against the Defendant in response to the Request.

**RELIEF REQUESTED**

16. Plaintiff requests entry of default judgment pursuant to Federal Rule 55 and Bankruptcy Rule 7055 with respect to each count of the Complaint, plus post-judgment interest pursuant to 28 U.S.C. §1961.

**BASIS FOR RELIEF REQUESTED**

17. Federal Rule 55(a), as made applicable to this proceeding by Bankruptcy Rule 7055, provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a); *see* Fed. R. Bankr. P. 7055.

18. Federal Rule 55(b) sets forth the procedures through which default judgment may be obtained. Where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and is not a minor nor an incompetent person." Fed. R. Civ. P. 55(b)(1). "In all other cases," parties seeking entry of a default judgment "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). Thus, a default judgment may be entered only by the Court against a party in a case in which a plaintiff seeks relief other than a money judgment for a sum certain. *See Ontra, Inc. v. Wolfe*, 192 B.R. 679 (W.D. Va. 1996).

19. Plaintiff has met his burden with respect to Counts I through IV of the Complaint. As set forth in the Complaint, Plaintiff seeks recovery of an avoidable preference and/or constructively fraudulent transfer pursuant to sections. 547, 548, and 550 of the Bankruptcy Code.

20. The amount owed to the Plaintiff is detailed in Exhibit A to the Complaint, which is confirmed by the declaration attached hereto as **Exhibit A**.

21. Exhibit A to the Complaint is a chart listing the detailed information associated with the specific Transfers that Plaintiff seeks to avoid.

22. As of the date hereof, Defendant has not remitted the balance of the amount due to Plaintiff.

23. Plaintiff's monetary claim against Defendant is a sum certain, or is a sum that can be made certain by computation, in the amount due of $28,450.02. S*ee* Fed. R. Civ. P. 55(b)(1); Fed. R. Bankr. P. 7055. And thus, Plaintiff requests that judgment be entered in this amount.

24. Plaintiff's claim with respect to Count IV seeks disallowance of a claim of any entity "from which property is recoverable" under section 550 or that is a "transferee of a transfer avoidable under" sections 547 or 548, unless the transferee has returned that transfer. 11 U.S.C. § 502(d).

25. By this Motion, Plaintiff will obtain a judgment that Defendant is the transferee of a transfer avoidable under section 547 or 548, and from which property is recoverable under section 550. Defendant has not paid the amount owed or returned the transfer. Thus, Plaintiff requests that judgment be entered disallowing any claims of Defendant until Defendant returns the value of the transfers.

26. Accordingly, default judgment against the Defendant with respect to Counts I through IV of the Complaint is appropriate.

27. The Court must enter a judgment in the amount of $28,450.02, plus post-judgment interest, and disallowing all claims of Defendant.

## NOTICE

28. Pursuant to Local Rules 9013-1 and 7055-1, a copy of this Motion will be served on Defendant at the addresses listed on the attached certificate of service by First Class Mail.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court grant the relief requested in the Motion by (i) entering default judgment against Defendant on Counts I through IV of the Complaint, substantially in the form attached hereto as **Exhibit B**, and (ii) granting such other relief as the Court deems just and equitable.

Dated: October 22, 2026

**SAUL EWING LLP**

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
Telephone: (302) 421-6800
Evan.miller@saul.com

*Special Counsel to Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br><br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>WILKENS-ANDERSON COMPANY,<br><br>Defendant. | Adv. Proc. No. 25-50224 (KBO) |

**CERTIFICATE OF SERVICE**

I, Evan T. Miller, hereby certify that on October 22, 2026, I caused a copy of *Plaintiff's Motion for Entry of Default Judgment Pursuant to Federal Rule of Bankruptcy Procedure 7055* to be served on the Defendant via U.S. First Class Mail as set forth below.

Wilkens-Anderson Company
c/o Bruce E. Wilkens
197 Arlington Avenue
Elmhurst, IL 60126

Wilkens-Anderson Company
4525 West Division Street
Chicago, IL 60651
email: trock@wacolab.com

*/s/ Evan T. Miller*
Evan T. Miller (No. 5364)
**SAUL EWING LLP**
1201 N. Market Street, Suite 2300
Wilmington, DE 19801
(302) 421-6800

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal tax identification number, are: Akorn Holding Company LLC (9190); Akorn Intermediate Company LLC (6123) and Akorn Operating Company LLC (6184). The Debtors' headquarters was located at 5605 CenterPoint Court, Gurnee, Illinois 60031.